*Error.*

NIAGARA INSURANCE COMPANY v. WARREN-GEE LUMBER COMPANY.

[47 South. 551.]

FIRE INSURANCE. *Right to relief. Delivery of policy. Bill in equity. Discovery. Demurrer.*

Actual delivery of a fire insurance policy into the hands of the insured is not essential to the validity of a contract of insurance, hence, a bill in equity against an insurance agent of several companies and one of his companies, charging that upon complainant's applying to the agent for additional fire isurance he telegraphed the application to one of his companies, believed to be the defendant company, and confirmed his telegram by letter, and that the company accepted the application, thereby completing the contract, and mailed a policy to the agent for delivery to complainant before the property was burned; that since the fire complainant had tendered the premium but the agent refused to accept it, to deliver the policy and to disclose by which of his companies it was written, discovery and appropriate relief being prayed, is not demurrable.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

The Warren-Gee Lumber Company, the appellee, was complainant in the court below, and the Niagara Insurance Company, the appellant, and one Gaston, were defendants there. From a decree overruling the insurance company's demurrer to the bill it appealed to the supreme court.

The complainant lumber company applied to one Gaston, a local agent of the insurance company through whom other fire insurance had been written upon complainant's mill property,

for additional fire insurance. Gaston thereupon telegraphed to defendant company's manager as follows: "Have bound $5,000 on mill and lumber," and confirmed the telegram by a letter, which fully identified the complainant as the insurer and the destroyed property as its subject matter, and further stating: "I wired you this morning, 'Have bound $5,000 on mill and lumber,' which I now beg to confirm. In giving the increase, we changed the schedule to an additional $3,000 on the planing mill machinery and $2,000 on the lumber and stock, which now gives $5,450 on the planing mill machinery and $5,000 on the stock of lumber. I will be very glad to see you before you return home, and if you will likely be here please advise me, in order that I can do so." Before the policy evidencing such insurance had been delivered or the premium paid, the property was destroyed by fire. Gaston then refused to deliver a policy, which had reached him, or to disclose in what company he had written the insurance, although the premium was tendered him by complainant. Gaston was, at the time, and had been for a long time continuously before, the general agent of a large number of fire insurance companies, among them the appellant company. The complainant charged that $2,000 of the alleged insurance had been placed with and accepted by defendant company, and prayed discovery and that the insurance company should be required to deliver to complainant a proper policy and for a personal decree for $2,000 against it, and in case it was ascertained that Gaston had failed or refused to obtain the insurance as agreed, then for a personal decree against him. To the bill the Niagara Insurance Company demurred on the ground that it did not show a contract of insurance.

*Denny & Denny,* for appellant.

The bill fails to disclose the subject matter of the insurance as to which appellant is sought to be held liable. The bill does not state that appellant issued insurance upon the mill or the lumber, nor does it state the amount of insurance on the mill

and the amount on the lumber. Certainly, if appellant be required to answer the bill, it should be advised by the allegations of the bill whether it is sought to be held liable for the mill or for the lumber, or both.

The authorities agree that, before a contract of insurance is binding, all of the essential elements of the contract must be understood and be mutually assented to by the parties concerned. A mere expression of a desire by one intending to procure insurance, that he wished insurance, and an assent by the insurance agent, without anything further done would hardly amount to a contract of insurance or a valid agreement to insure. The subject matter, period and rate and amount of insurance, and other elements would necessarily have to be considered and be agreed upon. *Commercial Fire Ins. Co. v. Morris,* 105 Ala. 498, 18 South. 34; *German Ins. Co. v. Downan,* 115 Fed. 481.

Appellee's bill states the conclusion of the pleader that appellee's agent intended and appellant's agent knew that the provisions of complete contracts made in their former dealings should be incorporated in the agreement alleged in the bill. But there is no fact stated showing such to be the case. Telepathy could hardly advise of the intent, purpose or desire in the minds of the two parties relative to the insurance at the specific time when appellee's agent simply applied for insurance and appellant's agent replied that he had bound same, without any mention of former dealings.

It is clear from the allegations of the bill that appellee reserved the right to reject the policy to be issued if the same should be issued by a company deemed by appellee to be otherwise than reputable. Hence the contract was not complete. *New York Life Ins. Co. v. Babcock,* 69 Am. St. Rep. 137, 144; *Alabama Gold Life Ins. Co. v. Mayes,* 61 Ala. 163; *Kimball v. Lion Ins. Co.,* 17 Fed. 625; *Western Assurance Co. v. McAlpin* (Ind.), 77 Am. St. Rep. 423; *Johnson v. Connecticut Ins. Co.,* 84 Ky. 470.

When a completed oral contract is made with the agent of a

certain fire insurance company to acquire fire insurance in such company, delivery of the policy is not essential to render the company liable for loss of the insured property by fire. But when, as in the case at bar, one deals with an agent of a number of fire insurance companies and requests fire insurance, and does not specify or agree which one of the different companies shall insure, then there is not a completed contract of insurance with any one certain company represented by the agent unless there is an issuance and actual delivery to the assured of a policy or notice from the agent that he has placed the insurance and has issued the policy.

*Green & Green,* on the same side.

No contract of insurance was ever consummated, because the minds of the parties never met. *Insurance Co. v. Downman,* 115 Fed. 482; *Insurance Co. v. Graham,* 181 Ill. 160; *Insurance Co. v. Trimble,* 78 S. W. 465; *Kimball v. Insurance Co.,* 17 Fed. 625; *Kleis v. Insurance Co.,* 117 Mich. 469; *Insurance Co. v. Whitman,* 75 Ohio St. 321; *Church v. Insurance Co.,* 23 N. Y. 161; *Worth v. Insurance Co.,* 64 Mo. App. 587; *Clarke v. Brand,* 62 Ga. 24.

This suit is for specific performance, and it is requisite that any agreement between the parties should be certain and mutual. *Aston v. Robinson,* 49 Miss. 346; *Everman v. Herndon,* 71 Miss. 823, 15 South. 135; *Welch v. Williams,* 85 Miss. 303, 37 South. 561.

The date at which the alleged insurance was to take effect is not specified in the bill, and it is questionable for what period insurance should continue. The terms of insurance are thus too vague and general, if it be conceded that any insurance ever existed. *Insurance Co. v. McIntosh,* 86 Miss. 236, 38 South. 775; *Equitable Insurance Co. v. McElroy,* 83 Fed. 643; *Insurance Co. v. Schutze,* 80 Fed. 337; *Trask v. Insurance Co.,* 58 Mo. App. 431; *Hamblett v. Insurance Co.,* 36 Fed. 118.

*Ford, White & Ford,* for appellee.

The appellee's bill in this case is supported by authority. *Taylor v. Merchants' Fire Insurance Co.,* 9 How. (U. S.) 391; *Commercial, etc., Co. v. Union, etc., Co.,* 19 How. (U. S.) 318; *Eames v. Home Insurance Co.,* 94 U. S. 621, all hold that where there is a contract for insurance which has not been fully executed by the issuance of a policy, equity has jurisdiction to enforce specifically the contract, and to require payment of the stipulated amount if loss occurs before issuance of the written policy.

The letter written by Gaston, appellant's agent, shows that there was a valid contract of insurance. His letter called for no answer. The circumstances show a full and definite proposition or application by appellee, and an unqualified and unconditional acceptance by appellant.

It is immaterial whether the insurance sued for was on the mill-plant or on the lumber. Appellee's bill asks discovery as to this.

The action of the court below in overruling the demurrer was manifestly correct.

MAYES, J., delivered the opinion of the court.

It is our judgment that a demurrer in this case has no place. It is eminently a case where an answer is required and should have been made. The action of the court in overruling the demurrer was correct, and the decree appealed from is therefore affirmed and the cause remanded.    *Affirmed.*